UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHARON NGEBI NGONGANANG

VERSUS

US IMMIGRATION & CUSTOMS
ENFORCEMENT

CASE NO.  6:26-CV-01522

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE JUDGE PEREZ-MONTES

## ORDER

Before the Court is "A Request for a Temporary Restraining Order" [ECF No. 2] filed by *pro se* Petitioner Sharon Ngebi Ngonganang. Based on the record, the Court finds that Petitioner has not made the requisite showings for the issuance of a temporary restraining order. The motion is therefore DENIED.

Petitioner seeks an order prohibiting her removal during the pendency of her "asylum case."[1] According to Petitioner's motion, however, the Immigration Judge denied her request for asylum on August 18, 2025, and her appeal to the Board of Immigration Appeals ("BIA") was denied on January 30, 2026.[2] Petitioner's motion to reopen her case was also denied by the BIA on May 5, 2026.[3]

Temporary restraining orders are "extraordinary relief and rarely issued."[4] To obtain injunctive relief, a movant must establish: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury

---

[1] ECF No. 2 at 4.
[2] *Id.* at 3.
[3] *Id.* at 4.
[4] *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999).

outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest."[5]

Having reviewed the filings, the docket in this case, and the relevant law, the Court finds that Petitioner has not demonstrated that she is likely to succeed on the merits of her claim challenging her removal. Specifically, she appears to have exhausted her appeals in the immigration court and states no other legal basis for enjoining her removal. Accordingly, the request is DENIED.

THUS DONE in Chambers on this 11th day of May, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[5] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).